Elaine Y. Lee (SBN: 293452)
elee@pecklaw.com
**PECKAR & ABRAMSON, P.C.**
801 South Figueroa St. Suite 950
Los Angeles, California 90017
Tel: (310) 228-1075
Fax: (310) 228-1076

Attorneys for Defendant THE WHITING-TURNER CONTRACTING COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.A. ABELL, INC. dba Precision Electric Company, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE WHITING-TURNER CONTRACTING COMPANY, a Maryland Corporation,<br><br>Defendant. | Case No: **'25CV0020 LL    SBC**<br><br>**NOTICE OF REMOVAL** |

Defendant The Whiting-Turner Contracting Company ("W-T"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this matter to the United States District Court for the Southern District of California. As grounds for, the Defendant states as follows:

1. W-T is a defendant in a civil action filed on November 14, 2024 in the Superior Court of California, County of San Diego, as *G.A. ABELL, INC. dba*

*Precision Electric Company v. THE WHITING-TURNER CONTRACTING COMPANY, a Maryland Corporation, and DOES 1 through 20, inclusive,* Case Number 24CU022713C (the "San Diego County Action"). Copies of the Summons and Complaint in the San Diego County Action were served on W-T on December 5, 2024. Accordingly, this notice of removal is timely filed within the requirements of 28 U.S.C. §1446(b).

2. Plaintiff's Complaint in the San Diego County Action seeks damages in the amount of $1,315,330.56 exclusive of interest and costs.

3. Copies of all process, pleadings, and orders served on the Defendant and filed in the Superior Court of California, County of San Diego, in connection with the San Diego County Action are attached hereto as Exhibit 1.

4. Plaintiff is alleged to be a corporation incorporated in California with a principal place of business located at 8137 Winter Gardens Boulevard, Lakeside, California 92040.

5. W-T is a corporation organized under the law of Maryland with its principal place of business at 300 East Joppa Road, Baltimore, Maryland 21286.

6. This Court has original jurisdiction in the matter at hand based on 28 U.S.C. §1332 as the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different States.

7. This action is removable pursuant to 28 U.S.C. §1441(a) because this court has original jurisdiction and the dispute arises from a subcontract entered into and work performed in the County of San Diego, which is within the Court's district and division.

8. This action is properly removed under 28 U.S.C. §1441(b) as the parties are citizens of different States.

9. Simultaneous with this filing, W-T is providing written notice of the filing to the Plaintiff and filing a copy of this Notice of Removal with the clerk of the Superior Court of California, County of San Diego.

WHEREFORE, Defendant The Whiting-Turner Contracting Company respectfully requests that this action be removed from the Superior Court of California, County of San Diego to the United States District Court Southern District of California.

Dated: January 3, 2025

PECKAR & ABRAMSON, P.C.

By: *Elaine* (signature)

Elaine Y. Lee (SBN: 293452)
Attorney for Defendant THE WHITING-TURNER CONTRACTING COMPANY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 S. Figueroa St. Ste. 950, Los Angeles California 90017.

On January 3, 2025, I served the foregoing document described as: **Notice of Removal** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Luke Thompson, Esq (282762)
Thompson Law & Consultation
99757 Marilla Dr. #248
Lakeside, CA 92040
619.987.3231
lthompson@thompsonlawconsultation.com

*Attorney for Plaintiff G.A ABELL, INC. a California Corporation*

☐ **BY MAIL** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FACSIMILE TRANSMISSION** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was _____. No error was reported by the fax machine that I used. I printed out a copy of the record of the fax transmission.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused a copy of the document(s) to be sent from e-mail address agatdula@pecklaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful..

☐ **BY ELECTRONIC SERVICE:** I submitted this matter for filing via the United States District Court for the _____ District of California's CM/ECF system, which effectuates service to the above-reference counsel.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

|  |  |
|---|---|
| 1<br>2<br>3 | ☐ **BY MESSENGER SERVICE** I served the documents by placing them in an envelope or package addressed to the persons listed above and provided such document(s) to a professional messenger service for service. (*A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.*): |
| 4<br>5<br>6<br>7 | ☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) to the person being at the addresses listed in the Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. (C.C.P. § 1011(a)(b)) |
| 8<br>9 | ☐ **BY PERSONAL SERVICE:** I personally delivered the document(s) directly to the person(s) being served. (C.C.P. § 1011) |

☐   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 3, 2025, Los Angeles, California.

_____
Andrea Gatdula

LAW OFFICES
Peckar &
Abramson
A Professional Corporation